Kent BUSH, pro se, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 92–391L.

United States Court of Federal Claims.

Sept. 30, 2003.

---

21. *See supra* note 19.

**124**

Kent Bush, San Diego, California, pro se.

Stuart B. Schoenburg, Washington, D.C., for defendant, United States Department of Justice.

## MEMORANDUM OPINION

BRADEN, Judge.

The events recited in the June 10, 1992 complaint and the October 8, 1992 first amended complaint provide an interesting historical perspective about the Mining Law of 1872, 30 U.S.C. § 21, *et seq.* (1986), which allows citizens and other persons an opportunity to explore and purchase, under certain conditions, "all valuable mineral deposits in lands belonging to the United States[.]" 30 U.S.C. § 22 (1986).

### Procedural Background

On October 8, 1992, plaintiff filed an amended complaint alleging that the United States Army Corps of Engineers' refusal, as of June 11, 1986, to permit plaintiff continuing access to certain mining claims, located on the Hawthorne Army Depot in Hawthorne, Nevada, effected a taking of private property, for which plaintiff is entitled to receive $26,215,038.00. On January 29, 1993, the court stayed this action, pending a determination of the validity of plaintiff's claims by the Bureau of Land Management ("BLM"), a division of the Department of Interior ("DOI").

On July 23, 1995, a mineral examiner retained by BLM ("government") concluded that there was no valuable find of minerals on the subject property. On October 26, 1995, the government filed a contest complaint initiating a proceeding before an Administrative Law Judge in DOI's Hearing Division of the Office of Hearings and Appeals ("ALJ") to determine the validity of plaintiff's mineral claims, which were narrowed to three sites on the Hawthorne Army Depot. At a hearing, plaintiff testified. Both the plaintiff and the government submitted expert testimony. In addition, the ALJ allowed plaintiff to submit extensive post-hearing materials. On January 12, 2001, the ALJ found that there was gold on the three claims at issue, but that "a prudent man would [not] be justified in beginning actual development of the property [since there was] no reasonable prospect of success in developing a paying mine." *United States v. Kent Bush, et al.,* 157 IBLA 372, 381 (2003) (citing *Converse v. Udall,* 399 F.2d 616, 620 (9th Cir.1968), *cert. denied,* 393 U.S. 1025, 89 S.Ct. 635, 21 L.Ed.2d 569 (1969)). Plaintiff filed a timely appeal with the Interior Board of Land Appeals ("IBLA"), which on October 31, 2002 upheld the ALJ's ruling. *See United States v. Kent Bush,* 157 IBLA 359 (2002). On May 13, 2003, plaintiff advised the court that the IBLA decision will not be appealed to a United States District Court, which is now the only proper venue for any further adjudication of this matter.

### Relevant Facts

In 1969, Gary Stapleton made a "placerclaim" on Sections 14 and 23 of a portion of land in Pamlico Canyon, Nevada on which the Hawthorne Army Depot is located. In the early 1970's, Mr. Stapleton invited plaintiff to Pamlico Canyon. Plaintiff thereafter settled in the area of the "Stapleton claim." In the early 1970's, Mr. Stapleton and Mr. Bush wrote to the Commander of the Hawthorne Army Depot requesting permission to drill for placer-mining water in Section 15. Thereafter, the Stapleton–Bush venture dissolved after a disagreement over the "aims

and methods of doing business." Oct. 8, 1992, Amended Compl. at ¶ 10.

On August 27, 1975, plaintiff filed a placer-claim on Section 14. On July 25, 1980, the Bush family "co-locators" executed a mining agreement with T.S. Tabah, an attorney for a "large road-building contractor," who "desired to lease and mine the Pamlico Canyon." Sometime in 1983 and continuing until March 1987, plaintiff became a "mining partner" with Everett Loving. Thereafter, Loving prospected Section 14, allegedly finding gold deposits, as well as tracing a quartz-vein system in Sections 14, 15, and 23. On June 11, 1986, the government required the plaintiff to terminate all mining activities at the Hawthorne Army Depot site. On June 10, 1992, plaintiff filed a complaint asserting that this action violated his rights under the Fifth Amendment to the United States Constitution.

## Discussion

■ As a threshold matter, the amended complaint does not contain a statement that plaintiff filed an annual notice of intention to hold the claim, an affidavit attesting to the annual performance of $100 worth of labor or improvements having been made, or a BLM reporting form. See 30 U.S.C. § 28 (1986); 43 U.S.C. § 1744(a) (1986). Nor does the court find any evidence in the record that plaintiff met this statutory prerequisite. Therefore, as a matter of law, plaintiff must be found to have abandoned any potential mining claims on the Hawthorne Army Depot. See 43 U.S.C. § 1744(c) (failure to comply with the filing requirement "shall be deemed conclusively to constitute an abandonment of the mining claim ... by the owner"); Kunkes v. United States, 78 F.3d 1549, 1551 (Fed.Cir.1996). Although the government did not raise this defense at any time over the past decade this litigation has ensued, it appears to the court that this case should have been dismissed long ago.

■ Even if the plaintiff had demonstrated compliance with the statutory filing requirements mentioned, the court no longer has jurisdiction over plaintiff's Fifth Amendment claim. Until a patent issues, the United States retains all rights and interest in its real property and underlying mineral inter-

ests, as well as the authority to regulate their use. See 30 U.S.C. § 21 (1986); 30 U.S.C. § 612(b) (1986); see also Best v. Humboldt Placer Mining Co., 371 U.S. 334, 336, 83 S.Ct. 379, 9 L.Ed.2d 350 (1963) (holding as long as the "mining claims are unpatented, the title to the lands in controversy [remain with] the United States."). A claim for Just Compensation under the Fifth Amendment is predicated upon the taking of private property by the United States for a public purpose. See Lucas v. So. C. Coastal Council, 505 U.S. 1003, 1015–16, 112 S.Ct. 2886, 120 L.Ed.2d 798 (1992). Therefore, a plaintiff must establish that he or she has an interest in such private property. Id. at 1027–28, 112 S.Ct. 2886.

■ It is well settled that an unpatented mining claim may be a property interest subject to a Just Compensation Claim. See Best, 371 U.S. at 335–36, 83 S.Ct. 379. For an individual to establish a property interest in an unpatented mining claim, however, there must have been an administrative determination by the DOI that the mining claim is valid, i.e., supported by a discovery of a valuable mineral deposit. See, e.g., United States v. Coleman 390 U.S. 599, 602, 88 S.Ct. 1327, 20 L.Ed.2d 170 (1968) ("[I]n order to qualify as 'valuable mineral deposits,' the discovered deposits must be of such a character that 'a person of ordinary prudence would be justified in the further expenditure of his labor and means, with a reasonable prospect of success, in developing a valuable mine[.]' ") (citation omitted); Best, 371 U.S. at 337, 83 S.Ct. 379. If the IBLA determines that a plaintiff's mining claims are void, the United States Court of Federal Claims is bound by that decision as it has no authority to overturn that final agency action. See Aulston v. United States, 823 F.2d 510, 513–14 (Fed.Cir.1987). The appeal of the DOI action lies with an appropriate United States District Court and must be filed within six years from the date of the final agency decision. See 5 U.S.C. § 702 (1996); 28 U.S.C. § 2401 (1994).

In light of the October 31, 2002 final action of the IBLA, the court no longer has jurisdiction over plaintiff's Just Compensation claim.

*See also* RCFC 41(b) (allowing a court to dismiss an action for failure to prosecute by the plaintiff). In the event that the plaintiff reconsiders and decides to exercise his right of appeal in a United States District Court and the IBLA decision is reversed, plaintiff may re-file his Just Compensation claim in this court, without prejudice.

### Conclusion

In light of the foregoing, the government's motion to lift the January 23, 1993 stay is GRANTED; the government's motion to dismiss is GRANTED; and the government's motion to modify is DISMISSED AS MOOT.

The Clerk of Court will enter the judgment accordingly.

**IT IS SO ORDERED.**